<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MAXINE WALLACE, et al.**<br><br>**Plaintiffs,**<br><br>v.<br><br>**KEYSTONE PRINTED SPECIALTIES CO., INC., et al.**<br><br>**Defendants.** | **Civil Action No.: 14-5978 (ES) (MAH)**<br><br><u>OPINION</u> |

SALAS, DISTRICT JUDGE

## I.      INTRODUCTION

Pending before this Court is Defendants Keystone Printed Specialties Co., Inc. ("Keystone Printed"), KPS Graphics, LLC ("KPS Graphics"), Keystone Printed Specialties Holding Company, LLC ("Keystone Holding"), and John McInerney's ("McInerney") (collectively, "Defendants") motion to dismiss, (D.E. No. 44), Plaintiffs Maxine Wallace and Graphic Packaging Corp.'s ("Plaintiffs") Amended Complaint, (D.E. No. 43 ("Am. Compl.")).  The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, the Court GRANTS Defendants' motion and dismisses Plaintiffs' Amended Complaint *with prejudice*.

## II.     BACKGROUND

Plaintiffs filed suit on September 24, 2014, against Defendants,[1] asserting claims for breach of contract, fraud, and discrimination under the New Jersey Law Against Discrimination.  (D.E.

---

[1] Plaintiffs' initial Complaint also named defendants Unimac, Inc. and Unimac KPS, LLC (together, the "Unimac Defendants).  As discussed *infra*, Plaintiffs subsequently abandoned their claims against the Unimac Defendants.

No. 1).  On November 21, 2014, Defendants moved to dismiss the Complaint for lack of subject matter jurisdiction and personal jurisdiction, and for failure to state a claim.  (D.E. No. 5-1).  More specifically, Defendants alleged that this Court lacked subject matter jurisdiction because: (i) the Complaint did not specify the amount in controversy; and (ii) the New Jersey citizenship of the Unimac Defendants destroyed the parties' alleged complete diversity.  (*Id.* at 3-6).  In response to Defendants' allegations, Plaintiffs moved to amend the Complaint on December 5, 2014.  (D.E. No. 17).

On December 23, 2014, Plaintiffs filed a motion to change venue, specifically seeking a transfer of venue to the United States District Court for the Eastern District of Pennsylvania.  (D.E. No. 21).  On April 9, 2015, this Court administratively terminated Defendants' motion to dismiss, denied Plaintiffs' motion to change venue, and referred Plaintiffs' motion to amend their complaint to the Honorable Michael A. Hammer, U.S.M.J.  (D.E. No. 26).

On April 28, 2015, Magistrate Judge Hammer denied Plaintiffs' motion to amend for failure to file a brief and for failure to file a statement that a brief was not necessary.  (D.E. No. 29).  Plaintiffs again moved to amend the Complaint on May 28, 2015.  (D.E. No. 32).  Magistrate Judge Hammer denied Plaintiffs' second motion to amend on August 20, 2015, and ordered that any renewed motion to amend the Complaint must address whether: (i) the Unimac Defendants are necessary or indispensable parties pursuant to Fed. R. Civ. P. 19 and 20; and (ii) the Court may exercise personal jurisdiction over all Defendants in this matter.  (D.E. No. 37).  Plaintiffs filed a third motion to amend on October 2, 2015, (D.E. No. 40), which Magistrate Judge Hammer granted on November 17, 2015, (D.E. No. 42).

Plaintiffs amended their Complaint on November 18, 2015, asserting claims for breach of contract, fraud, and discrimination under the New Jersey Law Against Discrimination.  (Am.

Compl.).  Specifically, Plaintiffs allege that (i) Defendants failed and refused to pay commission to Plaintiffs from contracts obtained by Plaintiff on behalf of Defendants, (*id.*, Count One); (ii) Keystone Printed unlawfully terminated Plaintiff Maxine Wallace in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.*, (*id.*, Count Two); (iii) KPS Graphics, as successor to Keystone Printed, acquired Keystone Printed's assets and liabilities and deprived Plaintiffs of income or commissions, (*id.*, Count Three); and (iv) McInerney transferred or assigned his interests in Defendants so as to fraudulently deprive Plaintiffs of commissions, (*id.*, Count Four).

## III.   LEGAL STANDARD

### A.   Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(2)

When a defendant attacks the court's jurisdiction, the plaintiff shoulders the burden of demonstrating that jurisdiction is proper.  *Mellon Bank (East) PSFS, Nat'l. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).  "The plaintiff meets this burden and presents a prima facie case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Id.* (citation and internal quotation marks omitted).  Plaintiff must sustain its burden by establishing facts through sworn affidavits or other evidence; reliance on the bare pleadings is not enough.  *Patterson v. FBI*, 893 F.2d 595, 603-04 (3d Cir. 1990).  If the plaintiff meets its burden, the burden shifts to the defendant, who must make a compelling case that the exercise of jurisdiction would be unreasonable.  *Mellon Bank*, 960 F.2d at 1226 (citations omitted).

### B.   Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that a pleader is entitled to relief."  The pleading standard announced by Rule 8 does not require detailed factual allegations; it does, however, demand "more

than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  In addition, the plaintiff's short and plain statement of the claim must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotation marks omitted).

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).  But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Furthermore, "[when] deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached [thereto], matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2011).  "[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.

## IV.   DISCUSSION

### A.  Plaintiff is Estopped from Asserting Personal Jurisdiction over Keystone Printed and KPS Graphics

Defendants move to dismiss the claims against Keystone Printed and KPS Graphics, asserting that collateral estoppel prevents this Court from exercising personal jurisdiction over those defendants.  (*See* D.E. No. 44 ("Def. Mov. Br.") at 6-7, 10).  Accordingly, the Court first analyzes the threshold question of whether the New Jersey Superior Court's prior determination that it lacks personal jurisdiction over Keystone Printed and KPS Graphics precludes that issue from being relitigated.

A district court sitting in diversity applies the collateral estoppel rules of the state in which it sits.  *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 310 (3d Cir. 2009) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001)).  In New Jersey,

> [c]ollateral estoppel . . . prohibits relitigation of issues if its five essential elements are met. Those elements are that (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

*Allen v. V & A Bros.*, 26 A.3d 430, 444 (N.J. 2011) (citations omitted).

Collateral estoppel "is not subject to rigid application but may be applied after a careful assessment and consideration of all relevant factors both in support of and against its application." *Selective Ins. Co. v. McAllister*, 742 A.2d 1007, 1010 (N.J. Super. Ct. App. Div. 2000); *see also Allen*, 26 A.3d at 444 ("[E]ven if all five elements coalesce, [collateral estoppel] 'will not be applied when it is unfair to do so.'") (citation omitted).  Factors that weigh in favor of applying collateral estoppel include "conservation of judicial resources; avoidance of repetitious litigation;

and prevention of waste, harassment, uncertainty and inconsistency."   *Allen*, 26 A.3d at 445

(citations and internal quotation marks omitted).   Factors that weigh against application of

collateral estoppel include whether

> the party against whom preclusion is sought could not have obtained review of the
> prior judgment; the quality or extent of the procedures in the two actions is
> different; it was not foreseeable at the time of the prior action that the issue would
> arise in subsequent litigation; and the precluded party did not have an adequate
> opportunity to obtain a full and fair adjudication in the prior action.

*Id.* (citations and internal quotation marks omitted).

The Court will analyze the five collateral-estoppel elements in turn.   As the following

analysis reveals, those elements are met, and the fairness factors to be considered weigh in favor

of applying collateral estoppel.

### *Collateral Estoppel Elements*

### 1.   <u>The issue presented is identical to the issue decided by the New Jersey Superior Court</u>

Defendants assert collateral estoppel in this matter, seeking to preclude from litigation the

issue of personal jurisdiction as to Keystone Printed and KPS Graphics.   In the prior proceeding

in New Jersey Superior Court, Keystone Printed and KPS Graphics moved the court "for entry of

an order pursuant to [New Jersey Court] R[ule] 4:6-2(b) dismissing [those] defendants from the

[state court] action with prejudice for lack of personal jurisdiction."   (*See* D.E. No. 44-2, Ex. H to

the Certification of Larry E. Hardcastle, II ("Hardcastle Cert."), Order Dismissing Keystone

Printed Specialties, Co., LLC and KPS Graphics, LLC Pursuant to Rule 4:6-2(b) ("July 11, 2014

Order")).   Under New Jersey Court Rule 4:6-2(b), lack of personal jurisdiction may be asserted in

a motion filed prior to filing the answer or by asserting the defense in the answer itself, N.J. Ct. R.

4:6-2(b), the latter procedure further requiring the defendant to bring a motion on that ground

"within 90 days after service of the answer," *id.* 4:6-3.

- 6 -

Defendants argue that their action in New Jersey Superior Court—"filing a motion to dismiss for lack of personal jurisdiction—is precisely what Keystone Printed and KPS [Graphics] did here." (Def. Mov. Br. at 8). Thus, Defendants contend that "Plaintiffs cannot dispute that the issue litigated in the New Jersey Litigation is the same issue before the Court." (*Id.*).

Plaintiffs do not respond to Defendants' contention that the issue to be precluded is identical to that already decided in the prior proceeding. (*See generally* D.E. No. 47 ("Pl. Opp. Br.")). But Plaintiffs' discussion of the procedural history of the matter in state court notes that "the Superior Court dismissed plaintiffs' causes of action alleged against defendants Keystone Printed . . . and KPS Graphics . . . on the grounds of 'lack of personal jurisdiction.'" (*Id.* at 2). Plaintiffs thereafter implicitly acknowledge that the issue to be precluded is identical: Plaintiffs include a lengthy discussion of case law that, they say, establishes that this Court may exercise personal jurisdiction over Keystone Printed and KPS Graphics. (*See id.* at 5-10).[2]

The New Jersey Supreme Court has identified several factors to consider when measuring the similarity of issues for purposes of collateral estoppel:

> In deciding the similarity of issues for issue preclusion purposes, a court should consider whether there is substantial overlap of evidence or argument in the second proceeding; whether the evidence involves application of the same rule of law; whether discovery in the first proceeding could have encompassed discovery in the second; and whether the claims asserted in the two actions are closely related.

---

[2] Plaintiffs assert that "it cannot be said that the causes of action in the two courts [*i.e.* New Jersey state court and this Court] are identical, or substantially so, given" the following differences: "the Third and Fourth Counts [of the operative complaint in this Court] are completely different [from those in the Second Amended Complaint in the state court action], and there are similarities and differences in the First Count of each complaint." (*See* Pl. Opp. Br. at 5). It is not clear to what purpose this line of attack is levied; collateral-estoppel doctrine is explicitly aimed at precluding the same *issue* from being relitigated, not the same *claim*. *See In re Liquidation of Integrity Ins. Co./Celotex Asbestos Trust*, 67 A.3d 587, 596 (2013) ("As a general principle, [c]ollateral estoppel is that branch of . . . res judicata which bars relitigation of any issue which was actually determined in a prior action, generally between the same parties, *involving a different claim or cause of action*." (emphasis added)).

*First Union Nat'l Bank v. Penn Salem Marina, Inc.*, 921 A.2d 417, 424 (N.J. 2007) (citations omitted).   Here, the Court finds that those factors weigh in favor of terming the issue to be precluded here "identical" to that presented in state court.

Plaintiffs appear to turn to the same evidence they relied on in the Superior Court proceeding.   For example, for Plaintiffs' argument why personal jurisdiction is appropriate in *this action*, Plaintiffs rely on Plaintiff Maxine Wallace's certifications submitted *in the Superior Court proceeding*.   (*See* Pl. Opp. Br. at 3, 5 (citing D.E. No. 47-2, Ex. F & G)).   Plaintiffs' reliance on those certifications here strongly suggests that Plaintiffs presented the same personal-jurisdiction arguments in opposition to Defendants' motion to dismiss in the state court proceeding.

Further, it is clear that this Court must apply the same rule of law in assessing personal jurisdiction as the Superior Court applied.   "A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law."   *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citations omitted).   Thus, the standard that this Court must use in determining personal jurisdiction is the standard that New Jersey courts apply.   *Id.* ("New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution.") (citing N.J. Ct. R. 4:4-4).

The Court also finds that the jurisdictional discovery ordered by the Superior Court would encompass any jurisdictional discovery that this Court would order.   As Defendants note, "the New Jersey Court exercised its discretion to permit Plaintiff to propound interrogatories and document demands and take depositions" on the issue of personal jurisdiction over Keystone Printed and KPS Graphics.   (*See* Def. Mov. Br. at 8-9; *see also* D.E. No. 44-2, Ex. E, New Jersey Superior Court Order Permitting Jurisdictional Discovery ("Discovery Order")).   Indeed, the

jurisdictional discovery that Plaintiffs were permitted in state court would render unnecessary any such discovery here.

Finally, and as more fully discussed below, the claims asserted against Keystone Printed and KPS Graphics in Plaintiffs' Amended Complaint, (D.E. No. 43), are almost identical to the claims raised against those defendants in the Second Amended Complaint filed in the Superior Court, (D.E. No. 44-2, Ex. D).

Because Plaintiffs do not dispute that the issue to be precluded is identical to the issue decided before the New Jersey Superior Court, and because, in any event, it is hard to characterize the issue presented here in any other way than identical to that already decided in the prior proceeding, the Court finds that Defendants have satisfied the first collateral-estoppel element.

### 2. Personal jurisdiction over Keystone Printed and KPS Graphics was actually litigated in New Jersey Superior Court

Defendants assert that "the issue of personal jurisdiction was properly raised . . . , the parties submitted the question to the New Jersey court for determination on a developed record, and the . . . court actually decided the question by way of entertaining oral arguments and entry of an order." (Def. Mov. Br. at 9). Defendants point out that "the New Jersey Court exercised its discretion to permit Plaintiff to propound interrogatories and document demands and take depositions." (*Id.*).

Plaintiffs do not dispute Defendants' arguments on this point. (*See generally* Pl. Opp. Br.). Indeed, as noted previously, Plaintiffs acknowledge that the ground for dismissal in the Superior Court was lack of personal jurisdiction. (*Id.* at 2).

New Jersey courts turn to the Restatement (Second) of Judgments in defining the contours of collateral estoppel. *See, e.g.*, *First Union Nat'l Bank*, 921 A.2d at 424 (citing Restatement (Second) of Judgments in analyzing "similarity of issues" element); *Allesandra v. Gross*, 453 A.2d 904, 908-09 (N.J. Super. Ct. App. Div. 1982) (relying on Restatement (Second) of Judgments in

applying several collateral-estoppel elements).  Notably, the Appellate Division of the New Jersey Superior Court has looked to that Restatement in defining when an issue is "actually litigated" for purposes of issue preclusion, noting that the "requirement is explained fully in comments d and e to § 27 of" the Restatement, which section states that "'an issue is actually litigated . . . [w]hen an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined.'"  *Allesandra*, 453 A.2d at 909 (quoting Restatement (Second) of Judgments § 27(d)).  Further, under section 27, "'[a]n issue may be submitted and determined on a motion to dismiss . . . .'"  *Id.* (quoting Restatement (Second) of Judgments § 27(d)).

The Court finds that the issue of personal jurisdiction was properly raised before the Superior Court because it was presented to that court consistent with the requirements of New Jersey Court Rule 4:6-2(b).  (*See* July 11, 2014 Order).  The issue was submitted for determination to the Superior Court, (*id.*), the court ordered jurisdictional discovery, (*see* Discovery Order), and the court considered briefing and oral argument on the issue, (July 11, 2014 Order).  Further, the New Jersey court rendered its decision, stating that "the within action is dismissed with prejudice pursuant to Rule 4:6-2(b) for lack of personal jurisdiction."  (*Id.*).

Therefore, the second collateral-estoppel element has been satisfied.

### 3.  The New Jersey Superior Court Ruling as to Personal Jurisdiction is a Final Judgment for Purposes of Collateral Estoppel

Defendants argue that "the New Jersey court's finding that New Jersey lacked personal jurisdiction over Keystone Printed and KPS is a final adjudication with respect to that threshold matter."  (Def. Mov. Br. at 9).  Defendants contend that "a New Jersey court's determination of a threshold matter operates as a final adjudication with respect to said threshold determination."  (*Id.* (citing *Mortgagelinq Corp. v. Commonwealth Land Title Ins. Co.*, 662 A.2d 536, 542 (N.J. 1995))).

Plaintiffs respond that "the present action in federal court is not barred by the decision in the state court action by virtue of the provisions of" Federal Rule of Civil Procedure 41(b). (Pl. Opp. Br. at 4). Essentially, Plaintiffs contend that the state court action is not a final judgment on the merits under Rule 41(b). (*See id.* at 4, 11).

Although dismissal for lack of jurisdiction generally is not considered "an adjudication on the merits," *see* Fed. R. Civ. P. 41(b) and N.J. Ct. R. 4:37-2(d), courts view dismissals for lack of personal jurisdiction differently in the context of collateral estoppel. "Unlike claim preclusion, the effectiveness of issue preclusion, sometimes called collateral estoppel, does not require the entry of a judgment, final in the sense of being appealable." *In re Brown*, 951 F.2d 564, 569 (3d Cir. 1991).[3] Instead, while "*res judicata* is applicable only when a final judgment is rendered, . . . the doctrine of collateral estoppel applies whenever an action is 'sufficiently firm to be accorded conclusive effect.'" *Id.* (internal quotation marks omitted) (citing *Hills Dev. Co. v. Twp. of Bernards*, 510 A.2d 621, 652 (N.J. 1986)). Indeed, "[f]inality for purposes of issue preclusion is a more 'pliant' concept than it would be in other contexts." *Id.* (citation and internal quotation marks omitted).

Here, as in *In re Brown*, "[t]he question is whether the state court's . . . order was sufficiently firm to" preclude this Court from questioning the previously litigated issue of personal jurisdiction over Keystone Printed and KPS Graphics. *See id.* at 570. The Court is persuaded that the New Jersey court order is sufficiently firm to be considered final for purposes of collateral

---

[3] Other Third Circuit cases and other courts within this Circuit have recognized that an order finding a lack of personal jurisdiction may be considered final for purposes of collateral estoppel. *See, e.g., Kitces v. Wood*, 917 F. Supp. 338, 341 (D.N.J. 1996) ("The doctrine of collateral estoppel, or issue preclusion, forecloses Plaintiff from prosecuting in this Court an action which is identical to the action dismissed by the Superior Court of New Jersey for lack of personal jurisdiction."); *Saudi v. Acomarit Maritimes Servs., S.A.*, 114 F. App'x 449, 454 (3d Cir. 2004) ("It is possible that issue preclusion[] might bar Saudi's Rule 4(k)(2) action. Issue preclusion may apply to non-merits judgments which are conclusive as to those matters actually adjudged." (footnote omitted)); *Brodak v. McClain*, No. 06-146, 2007 WL 319993, at *4 (W.D. Pa. Jan. 30, 2007) ("Although the doctrine of collateral estoppel is generally discussed as applying after a final judgment on the merits, it may also be applicable to orders finding a lack of personal jurisdiction.").

estoppel.  That order states that "the within action is dismissed with prejudice pursuant to Rule 4:6-2(b) for lack of personal jurisdiction as to Defendant Keystone Printed Specialties Co., L.L.C.," and that "the within action is dismissed with prejudice pursuant to Rule 4:6-2(b) for lack of personal jurisdiction as to Defendant KPS Graphics, L.L.C."  (*See* July 11, 2014 Order).  Nothing in that order suggests that the dismissal for lack of personal jurisdiction was tentative or subject to change.  Instead, the order uses the language "with prejudice" and specifically notes that it is for lack of personal jurisdiction.

Additionally, the Court is convinced that the order was entered after Plaintiffs had a full and fair opportunity to litigate the personal jurisdiction issue: the New Jersey court permitted the parties to take jurisdictional discovery, including interrogatory and document demands and depositions, (*see* D.E. No. 44-2, Ex. E to Hardcastle Cert., Order Permitting Jurisdictional Discovery ("February 6, 2014 Order")), the parties conducted such discovery, (*see*, *e.g.*, D.E. No. 44-2, Ex. F to Hardcastle Cert., Deposition of John L. McInerney), and the court twice heard oral argument on the issue, (*see* February 6, 2014 Order; July 11, 2014 Order).

The only case Plaintiffs cite in support of its argument[4] relates to the finality of judgments for purposes of *res judicata*, which, as noted above, is treated differently for purposes of collateral estoppel.  *See, e.g.*, *Velasquez v. Franz*, 589 A.2d 143, 150 (N.J. 1991) ("A dismissal for lack of capacity to be sued differs in no respect from any other dismissal for failure to state a claim such that it should not be deemed an adjudication on the merits for *res judicata* purposes.").

Accordingly, the Court finds that the third element of collateral estoppel is met.

---

[4] To be sure, Plaintiffs discuss other cases in their opposition brief on this issue, but Plaintiffs do so in the context of attempting to distinguish Defendants' cited cases.  The Court is not persuaded by Plaintiffs' attempts to limit the cases cited by Defendants.

### 4.   **Determination of the issue was essential to the prior judgment**

Defendants argue that "Plaintiffs cannot reasonably dispute that the state court's finding that New Jersey lacked personal jurisdiction over Keystone Printed and KPS was essential to its judgment: it *was* the judgment." (Def. Mov. Br. at 9). Indeed, Plaintiffs do not attempt to dispute that the state court's determination as to personal jurisdiction was essential to its judgment; rather, Plaintiffs appear to concede the point: "By Order dated 7/11/14, the Superior Court dismissed [P]laintiffs' causes of action alleged against [D]efendants Keystone Printed Specialties, Co., LLC, and KPS Graphics, LLC, on the grounds of 'lack of personal jurisdiction.'" (Pl. Mov. Br. at 2 (citing July 11, 2014 Order)).

The Court finds that, in light of the state court order dismissing with prejudice the state court case for lack of personal jurisdiction, (*see* July 11, 2014 Order), the state court's determination of personal jurisdiction was essential to its judgment. Therefore, the fourth collateral-estoppel element is met.

### 5.   **The party against whom the doctrine is asserted (Wallace and Graphic Packaging Corp.) was the party in the earlier proceeding**

Defendants argue that Plaintiffs cannot "contest in good faith that they were the parties against whom the New Jersey court entered judgment." (Def. Mov. Br. at 9-10). Plaintiffs argue that "[i]t is . . . evident that the parties are not identical in the former state action and the present action, two being identical and the two remaining parties not having been named in the state action." (Pl. Opp. Br. at 5).

The fifth element requires that "the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding." *Allen*, 26 A.3d at 444. Here, Defendants are asserting collateral estoppel against Plaintiffs, so "the party against whom the doctrine asserted" is Plaintiffs. The orders and complaints filed in the state court action make clear that

Maxine Wallace and Graphic Packaging Corp., the Plaintiffs in this action, were the Plaintiffs in the state court action.  (*See* D.E. No. 44-2, Ex. D to Hardcastle Cert., Second Amended Complaint in Superior Court of New Jersey; February 6, 2014 Order; July 11, 2014 Order).  Accordingly, the fifth collateral-estoppel element has been satisfied.

### *Fairness Factors*

The Court finds that all relevant "fairness factors," *see Allen*, 26 A.3d at 445, weigh in favor of applying collateral estoppel here.  First, applying the doctrine here conserves judicial resources by keeping this Court from engaging in a protracted analysis of personal jurisdiction as to Keystone Printed and KPS Graphics.  Second, applying collateral estoppel avoids repetitious litigation; Keystone Printed and KPS Graphics will avoid having to defend another lawsuit that asserts the same claims against them where the initial suit was dismissed for lack of personal jurisdiction.  Third, applying the doctrine to bar the assertion of personal jurisdiction against Keystone Printed and KPS Graphics prevents any potential inconsistency in adjudication between the state court and this Court.  Fourth, nothing indicates that Plaintiffs could not have obtained review of the state court's judgment as to personal jurisdiction.  Fifth, the Court finds that it was foreseeable to Plaintiffs that, if they again sought to sue Keystone Printed and KPS Graphics in New Jersey, the issue as to New Jersey's personal jurisdiction over those parties would arise again, as this Court's personal jurisdiction is coextensive with that of New Jersey's long-arm statute. Finally, as previously discussed, Plaintiffs had a full and fair opportunity to litigate the issue in state court, including two hearings relating to personal jurisdiction and the opportunity to take jurisdictional discovery.

Therefore, because all five of the collateral-estoppel elements have been met and the fairness factors weigh in favor of application of the doctrine here, the Court finds that Plaintiffs

are collaterally estopped from asserting that this Court may exercise personal jurisdiction over Keystone Printed and KPS Graphics.  Those Defendants are dismissed from this action *with prejudice*.

### B. Personal Jurisdiction Over Keystone Holding and McInerney

#### 1. <u>Legal Standard</u>

Under Federal Rule of Civil Procedure 4(k), personal jurisdiction over non-resident defendants may be exercised only to the extent that it is authorized by the laws of the state in which the federal court sits.  *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007).  New Jersey's long-arm statute permits jurisdiction over a non-resident defendant to the extent permitted by the Constitution.  *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 145 (3d Cir. 1992).  Accordingly, a court may exercise personal jurisdiction over a non-resident defendant if the defendant has "certain minimum contacts with . . . [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *O'Connor*, 496 F.3d at 316 (internal quotation marks omitted).  In determining whether sufficient minimum contacts exist, the court looks at "the relationship among the defendant, the forum, and the litigation."  *Pinker v. Rosche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002).

Personal jurisdiction can be established by way of specific jurisdiction or general jurisdiction.  *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-15 & nn.8-9 (1984).  A court may exercise general jurisdiction when a defendant has "continuous and systematic contacts" with the forum state.  *Id.* at 415, n.9.  The plaintiff must show "significantly" more than mere minimum contacts with the forum state.  *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987).  Moreover, the facts required to establish general jurisdiction must be extensive and persuasive.  *See Reliance Steel Prods. Co. v. Watson, Ess,*

*Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982) (citations and internal quotation marks omitted).  Indeed, "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (internal quotation marks omitted) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)).  An individual similarly must have substantial and continuous contacts with the forum state to justify asserting personal jurisdiction over that individual for claims that are distinct from those contacts: "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop*, 564 U.S. at 924.

The presence of specific personal jurisdiction is governed by the following three-part inquiry: (1) whether the defendant purposefully directed its activities at the forum; (2) whether the litigation arises out of or relates to at least one of the contacts; and (3) whether the exercise of jurisdiction otherwise comports with traditional notions of fair play and substantial justice. *O'Connor*, 496 F.3d at 317.  To establish specific jurisdiction, a plaintiff need not show that the defendant(s) be physically located in the state while committing the alleged act(s).  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).  Nor is jurisdiction defeated merely because the bulk of the harm occurred outside the forum.  *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 (1984).  Instead, a single act may satisfy minimum contacts if it creates a substantial connection with the forum.  *See Burger King Corp.*, 471 U.S. at 476 n.18.

Regardless of whether a court exercises specific or general jurisdiction, it must be established that the defendant "has purposefully directed its activities toward the residents of the forum state, . . . or otherwise 'purposefully avail[ed] itself of the privilege of conducting activities

within the forum [s]tate, thus invoking the benefits and protections of its laws.'" *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir.1998) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

**2.   Analysis**

**i.   *The Court Does Not Have General Personal Jurisdiction over Keystone Holding or McInerney***

This Court does not have general personal jurisdiction over either McInerney or Keystone Holding.  The Amended Complaint alleges that "Defendant John McInerney . . . is a resident of Pennsylvania," (Am. Compl. at 2), alleges no facts relating to McInerney's domicile, and alleges no facts to suggest such a continuous and systematic presence in New Jersey that subjecting McInerney to this Court's general personal jurisdiction would comport with "traditional notions of fair play and substantial justice." *O'Connor*, 496 F.3d at 316 (internal quotation marks omitted); *see also Goodyear Dunlop*, 564 U.S. at 924 ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile.").   Additionally, in response to Defendants' challenge, Plaintiffs have presented no evidence to justify this Court's general jurisdiction over McInerney.  Rather, Plaintiffs attach affidavits that were filed in the state court action—in which McInerney was not even a named defendant—and the only connection between McInerney and New Jersey contained in those affidavits relates to McInerney attending a funeral in New Jersey, (D.E. No. 47-2, Ex. G, ¶ 5), and visiting New Jersey "to establish a relationship with Kenneth Smith and GPC," (D.E. No. 47-2, Ex. F, ¶ 32(c)).  The Court finds that such evidence is insufficient to establish general personal jurisdiction over McInerney.  Accordingly, McInerney is not subject to this Court's general jurisdiction.

Similarly, Keystone Holding is alleged to be "a successor to Keystone Printed Specialties, Co., Inc., and a corporation domiciled in Pennsylvania."  (Am. Compl. at 2).  "[T]he paradigm

forum for the exercise of general jurisdiction . . . for a corporation . . . [is] one in which the corporation is fairly regarded as at home." *Goodyear Dunlop*, 564 U.S. at 924 (citation omitted). Plaintiffs have alleged that Keystone Holding is "at home" in Pennsylvania.  Clearly such an allegation is insufficient to establish general personal jurisdiction over Keystone Holding in New Jersey.  And, the evidence submitted in opposition to Defendants' attack on personal jurisdiction over Keystone Holding does not even mention Keystone Holding, much less establish a prima facie case for the exercise of general personal jurisdiction.  That is for good reason—like McInerney, Plaintiffs have submitted affidavits that they filed in the prior state court action, where Keystone Holding was not a named defendant.  Accordingly, Keystone Holding is not subject to this Court's general jurisdiction.[5]

The Court now analyzes whether Plaintiffs have submitted sufficient evidence to warrant this Court's exercise of specific personal jurisdiction—*i.e.*, jurisdiction based on the purposeful direction of activities at New Jersey and litigation arising out of one of those contacts, *see O'Connor*, 496 F.3d at 317.

### ii. *The Court Lacks Specific Personal Jurisdiction Over Keystone Holding and McInerney*

Plaintiffs have the burden of presenting a prima facie case for the exercise of jurisdiction. *See Mellon Bank*, 960 F.2d at 1223 (citation and internal quotation marks omitted).  Plaintiffs may accomplish this by "establishing with reasonable particularity sufficient contacts between the

---

[5] The Court notes that Plaintiffs do not appear to assert that either Keystone Holding or McInerney are subject to this Court's general jurisdiction.  Indeed, Plaintiffs' supplemental brief asserts that their certifications "demonstrate[] conclusively that they have performed extensive work [o]n behalf of defendants in New Jersey, and that *defendants have thus engaged in business in New Jersey*, not least by *shipping their products to New Jersey in response to orders obtained by plaintiffs in New Jersey*, for which sales plaintiffs were paid commissions by defendants." (Pl. Supp. Br. at 1-2).  That argument, and the remaining arguments in Plaintiffs' supplemental brief, appear to be aimed at establishing specific personal jurisdiction, which requires purposeful direction of activities at the forum and that the litigation arise out of or relate to at least one of those contacts.  *See O'Connor*, 496 F.3d at 317.

defendant and the forum state." *Id.* In the context of specific personal jurisdiction, this requires establishing that (1) the defendant purposefully directed its activities at the forum; (2) the litigation arises out of or relates to at least one of the contacts; and (3) the exercise of jurisdiction otherwise comports with traditional notions of fair play and substantial justice. *O'Connor*, 496 F.3d at 317. Importantly, Plaintiffs must sustain their burden by establishing facts through sworn affidavits or other evidence; reliance on the bare pleadings is not enough. *See Patterson*, 893 F.2d at 603-04.

Plaintiffs contend that the certifications they have submitted demonstrate that Keystone Holding and McInerney had continuous, systematic New Jersey ties. (D.E. No. 51 ("Pl. Supp. Br.") at 2). They assert that those certifications establish that Plaintiffs have performed work on behalf of Keystone Holding and McInerney and, thus, Defendants have engaged in business in New Jersey. (*Id.*). Moreover, Plaintiffs say, the sales list attached to Wallace's January 6, 2014 certification makes clear that some of the customers to whom she sold Defendants' products "are identified by [P]laintiff[s] as doing business in New Jersey." (*Id.*).

For the following reasons, the Court finds that Plaintiffs have failed to meet their burden of establishing a prima facie case for specific personal jurisdiction over Keystone Holding and McInerney. As to both of those Defendants, the certifications that Plaintiffs submit to support specific personal jurisdiction were filed in the prior state court action against two *different* defendants, namely, Keystone Printed and KPS Graphics. The only mention of McInerney's contacts with New Jersey relate to his attendance at a funeral and visiting New Jersey to meet with Kenneth Smith. Keystone Holding is mentioned nowhere in those certifications.

The specific claim against McInerney in the Fourth Count of the Amended Complaint is that he engaged in fraud in depriving Plaintiffs of commissions relating to the Polar Contract. (Am. Comp., Count Four). As a matter of law, for McInerney to be subject to specific jurisdiction, that

claim must arise out of or relate to McInerney's contacts that result from his purposeful direction of activities at New Jersey. *See O'Connor*, 496 F.3d at 317. Plaintiffs have simply not presented any evidence to establish such a prima facie case of specific jurisdiction over McInerney. The June 27, 2014 certification states that "McInerney . . . attended the funeral of my husband . . . in New Jersey." The January 6, 2014 certification states that "McInerney came to New Jersey to establish a relationship with Kenneth Smith and [Plaintiff Graphic Packaging Corp.]." McInerney's visit to New Jersey for a funeral has no relation to his alleged fraud. And McInerney's other contact with New Jersey—where he sought to "establish a relationship" with one of the Plaintiffs—does not establish that he purposefully directed his activities at New Jersey such that he created a "substantial connection" with this forum. *See Burger King Corp.*, 471 U.S. at 475-76. The certifications do not establish that McInerney deliberately engaged in "significant activities within" New Jersey. *Id.* at 476. Accordingly, Plaintiffs have failed to establish a prima facie case for specific personal jurisdiction over McInerney.

Similarly, Plaintiffs have failed to establish a prima facie case for specific personal jurisdiction over Keystone Holding. As Defendants correctly note, once personal jurisdiction is challenged, Plaintiffs may not rely on "the bare pleadings alone," but rather must sustain their burden by establishing facts through sworn affidavits or other evidence. *Patterson*, 893 F.2d at 603-04. Yet neither the January 6, 2014 certification nor the June 27, 2014 certification contains any mention of Keystone Holding. Plaintiffs' additional evidence likewise does not mention Keystone Holding. (*E.g.*, D.E. No. 51-1, Ex. 4-6). Consequently, Plaintiffs have failed to satisfy their burden of establishing with reasonable particularity sufficient contacts between Keystone Holding and New Jersey.

## V.      CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiffs' Amended Complaint is GRANTED.  Specifically, Plaintiffs are collaterally estopped from asserting that this Court may exercise personal jurisdiction over Keystone Printed and KPS Graphics.  Further, Plaintiffs have failed to establish a prima facie case for specific personal jurisdiction over Keystone Holding and McInerney.  Accordingly, Plaintiffs' Amended Complaint is dismissed *with prejudice.*

*s/Esther Salas*
**Esther Salas, U.S.D.J.**